**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  Barbara Aulinskis | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Phillips & Cohen | ) | |
| Mail Stop: 658 | ) | |
| 1002 Justison Street | ) | |
| Wilmington, DE 19801-5148 | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Barbara Aulinskis, brings this action to secure redress from unlawful collection practices engaged in by Defendant, National Recoveries, Inc...  Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff, Barbara Aulinskis (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

5. Plaintiff is a resident of the State of Illinois.

6. Defendant Phillips & Cohen Associates, Ltd. ("Defendant 1"), is a

Missouri business entity with an address of 1002 Justison Street, Wilmington, DE 19801 and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692g(a).

## **ALLEGATIONS**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor")
8. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
10. On June 7, 2018, Defendant sent an initial communication to Plaintiff. See Exhibit A.
11. Plaintiff received said communication on or about June 13, 2018.
12. The letter states in the heading "[Y]our Creditor/Our Client: Barclays Bank Delaware (Barclaycard)." See Exhibit
13. The opening sentence states "[O]ur Client, your creditor, Barclays Bank Delaware (Barclaycard), has placed your account with Phillips & Cohen Associates, Ltd." See Exhibit.
14. Then, said letter states "[T]here is an indication on your account that you are or may have been represented by an attorney. We do not have contact information for any attorney on file and so are unable to contact an attorney to confirm the representation. If you are represented by an attorney, please provide the attorney's name and contact information and we will address future communication efforts to that attorney instead of directly to you." See Exhibit.
15. "[I]f you are not represented by an attorney or have discontinued attorney representation, we will work with you to attempt to resolve this matter." See Exhibit.
16. Nowhere in said letter is the required language that "this is an attempt to collect a debt and any information will be used for that purpose"

found as mandated by 15 U.S.C. 1692e(11).

17. Defendant never mailed out the required "Mini-Miranda" notice found in 1692g(a) as required by the FDCPA.

18. Defendant new clearly who Plaintiff's Attorney was for this matter and was misleading Plaintiff by contacting her even though it had actual knowledge of who Plaintiff's Attorney was for this matter.

## STANDING AND INJURY

19. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

20. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

21. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendant's conduct violated 15 U.S.C. Section 1692e(11) by failing to state that said communication was an attempt to collect a

debt.

26. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by failing to advise Plaintiff of her "Mini-Miranda" rights within five days of

27. The Defendant's conduct violated 15 U.S.C. Section 1692c(b) by contacting Plaintiff even though it had actual knowledge that she was represented by an Attorney.

## **JURY DEMAND**

28. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

    Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff